NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ER MYER,<br><br>    Plaintiff,<br><br>v.<br><br>DERRICK ZHAO TANG KUANG, et al.,<br><br>    Defendants. | Civil Action No.: 19-09385<br><br>**OPINION** |

## I. INTRODUCTION

Before the Court are Plaintiff Er Myer's ("Plaintiff") motion to disqualify counsel for Defendant Winnie Lee ("Ms. Lee") and permit alternative service of process on Defendant Derrick Kuang ("Mr. Kuang") (ECF No. 19), Ms. Lee's motion to dismiss/motion for summary judgment (ECF No. 20), and Plaintiff's cross-motion for summary judgment (ECF No. 22). The Court has considered the submissions made in support of and in opposition to these motions, and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's motion to permit alternative service of process on Mr. Kuang (ECF No. 19) is **GRANTED**,[1] Ms. Lee's motion to dismiss (ECF No. 20) is **DENIED**, and Plaintiff's cross-motion for summary judgment is **DENIED** (ECF No. 22).

## II. BACKGROUND

Plaintiff's personal and business funds were managed by Mr. Kuang who was employed as a Vice President at Defendant Bank of America. ECF No. 1 ¶ 9. In September 2018, Mr. Kuang

---

[1] Plaintiff's motion to disqualify Ms. Lee's counsel is now moot given Ms. Lee's new counsel, and the motion has been terminated. ECF No. 45.

1

asked Plaintiff for a loan in connection with a personal business project. Id. ¶ 11. Mr. Kuang allegedly told Plaintiff that he was aware she had excess funds and that this loan would fall within her risk tolerance. Id. Plaintiff agreed to loan Mr. Kuang $267,000 at an interest rate of 8% per year and Mr. Kuang issued a series of checks to Plaintiff made out to her or her designee that Plaintiff was to cash at agreed upon dates in the future. Id. ¶¶ 12-14. Plaintiff attempted to cash the checks Mr. Kuang gave her for repayment of the loan on the designated dates, but the checks were returned for insufficient funds. Id. ¶ 17. A few months prior to the loan from Plaintiff to Mr. Kuang, Mr. Kuang transferred three properties located in Bayonne, Palisades Park, and Rego Park (the "Properties") to Ms. Lee for a total consideration of less than $20.00 at the end of September 2018. Id. ¶ 15. Mr. Kuang and Ms. Lee were married on December 12, 2007, but became estranged in 2018 and obtained a final judgment of divorce on October 23, 2018. ECF No. 20-5 at 3. Plaintiff filed the instant suit on April 5, 2019 asserting claims for breach of contract, violation of the New Jersey Uniform Fraudulent Transfer Act (NJUFTA), conspiracy and aiding in fraudulent transfers, unjust enrichment, negligent supervision, and fraud. ECF No. 1 at 4-9. Plaintiff simultaneously filed an application for entry of an order to show cause with temporary restraints, seeking the imposition of a constructive trust upon on the Properties transferred from Mr. Kuang to Ms. Lee. ECF No. 1-1 at 1. The Court held a conference on May 1, 2019 and Plaintiff and Ms. Lee[2] agreed to a consent order that limited Ms. Lee from selling, transferring, or engaging in any transaction affecting the Bayonne and Rego Park properties until July 15, 2019, but did not impose any restrictions on the Palisades Park property. ECF No. 15 at 2. The restraints have been extended through February 16, 2020 by agreement of Plaintiff and Ms. Lee. ECF No.

---

[2] Mr. Kuang has not appeared in this case and as far as the Court is aware his whereabouts are currently unknown. *See* ECF No. 19-1 ¶ 16.

60. Ms. Lee filed the instant motion to dismiss on May 13, 2019, arguing that Plaintiff failed to state a claim upon which relief can be granted and also moving for summary judgment because the disputed property transfers were not fraudulent as a matter of law. ECF No. 20-5 at 1-2. Plaintiff filed a cross-motion for summary judgment and motion for an extension of temporary restraints on May 22, 2019 (ECF No. 22), and Ms. Lee responded on May 29, 2019. ECF No. 23.[3] Plaintiff also filed a motion to permit alternative service of process on Mr. Kuang on May 13, 2019 (ECF No. 19).

### III. LEGAL STANDARD

#### A. Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Allegations sounding in fraud are subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b) and must be stated with specificity "to 'place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" *Ford Motor Credit Co. v. Chiorazzo*, 529. F. Supp. 535, 538 (D.N.J. 2008) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*,

---

[3] Plaintiff's memorandum of law in support of her cross-motion for summary judgment was not simultaneously filed due to a technical error. *See* ECF No. 33-1. With the Court's leave, Plaintiff filed her memorandum of law on July 10, 2019 (ECF No. 33) and Ms. Lee filed a reply brief on July 18, 2019 (ECF No. 36).

515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotation marks omitted).

### B. Rule 56

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party has the initial burden of proving the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, there exists a genuine issue of material fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586-87 (1986). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citations omitted); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) (citations omitted) ("To raise a genuine issue of material fact," the non-movant must "exceed the 'mere scintilla' threshold . . . ."). A fact is "material" if a dispute "might affect the outcome of the suit under governing law," and a "genuine" issue exists as to that fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court's role is to determine whether there is a genuine issue for trial, not to weigh the evidence and decide the truth of the matter. *Id.* at 249.

## IV. DISCUSSION

### I. Motion to Permit Alternative Service of Process

The Court will begin by addressing Plaintiff's motion to permit alternative service of process on Mr. Kuang. ECF No. 19. In this motion, Plaintiff requests that the court deem service by email acceptable as an alternative service of process for Mr. Kuang under Federal Rule of Civil Procedure 4(e)(1) and the New Jersey rules for service of process applicable in this matter. ECF No. 19-11 at 9. Given the email address listed for Mr. Kuang was in use shortly before the commencement of litigation and the emailing of process was not returned as undeliverable (id. at 11), the Court grants Plaintiff's motion to serve Mr. Kuang via email. *See Celgene Corp. v. Blanche Ltd.*, No. 16-501, 2017 WL 1282200, at *2 (D.N.J. Mar. 10, 2017) ("Plaintiff's proposed alternative method of service, by email, appears reasonably calculated to provide actual notice to

[defendant] and thus comports with due process of law. . . . Plaintiff's sending of emails to the addresses associated with [defendant] without receiving notifications that such emails were undeliverable makes a prima facie showing that the email addresses are themselves at least valid.").

### II. Ms. Lee's Motion to Dismiss the New Jersey Uniform Fraudulent Transfer Act (NJUFTA) Claim

To state a *prima facie* claim under the NJUFTA, a plaintiff must allege two elements: "'The first is whether the debtor or person making the conveyance has put some asset beyond the reach of creditors which would have been available to them at some point in time but for the conveyance . . . . The second is whether the debtor transferred property with an intent to defraud, delay, or hinder the creditor.'" *MSKP Oak Grove, LLC v. Venuto*, 875 F. Supp. 2d 426, 434 (D.N.J. 2012) (quoting *Gilchinsky v. Nat. Westminster Bank N.J.*, 159 N.J. 463, 475-76 (1999)). As Ms. Lee correctly states, a claim under the NJUFTA must be pled with heightened specificity in federal court under Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* ("Rule 9(b) applies to claims under the NJUFTA.").

Ms. Lee argues that Plaintiff's NJUFTA claim fails because "there are no factual allegations that Kuang was insolvent at the time the property transfers were made and/or when the alleged loan was made, that Lee acted in bad faith, or that [Lee] accepted the Properties without due consideration." ECF No. 20-5 at 9. Ms. Lee goes on to argue that because "Plaintiff has merely alleged that certain transfers of interests in the Properties were made to Lee by Kuang without fair consideration, months before she purportedly made a loan to Kuang . . . Plaintiff fails to state any claim against Lee." Id. at 10.

As an initial matter, the Court finds that Plaintiff has sufficiently alleged facts to support her claim that Mr. Kuang was insolvent at the time the loan was made and that Lee accepted the Properties without due consideration. The Complaint alleges that Kuang's transfer of the

6

Properties "was done with the intent to hinder, delay and defraud creditors inclusive of [Plaintiff]" and "assured that when [Mr. Kuang] refused to repay the loan proceeds from [Plaintiff] that [Plaintiff] would have no assets from which to recover a judgment." ECF No. 1 ¶ 29. The Complaint further supports the allegation that Mr. Kuang was insolvent at the time of the loan with the fact that Mr. Kuang's checks were returned for insufficient funds and the fact that he failed to pay any of the outstanding loan amount to Plaintiff. Id. ¶¶ 32-33. Similarly, Plaintiff has sufficiently alleged that Ms. Lee accepted the Properties without due consideration, citing to the deeds listing the details of the property transfers which show that the Bayonne property was transferred for the amount of $1.00, the Palisades Park property was transferred for the amount of $1.00, and the Rego Park property was transferred for the amount of $10.00. Id. ¶¶ 26-28. Even under the heightened pleading standard of Rule 9(b), the Court finds that these allegations are sufficient to place Mr. Kuang and Ms. Lee on notice of the precise fraudulent misconduct complained of in the instance matter. *See MSKP Oak Grove, LLC*, 875 F. Supp. 2d at 434 (internal citations and quotation marks omitted) ("In spite of Rule 9(b)'s heightened requirements, however, courts should be conscious of the fact that application of these more stringent pleading standards may allow sophisticated defrauders to successfully conceal the details of their fraud" and may relax the requirements where necessary.).

Additionally, focusing more specifically on the elements of a NJUFTA claim, the Court finds that Plaintiff has sufficiently stated a claim as she has alleged facts showing that Mr. Kuang entered into a transaction prior to the loan that placed his interests in the Properties effectively beyond the reach of Plaintiff when his checks failed to clear and did so with the intent to keep his assets beyond the reach of Plaintiff. ECF No. 1 at 5. With respect to the latter element, the Court finds that many of the "badges of fraud" used to ascertain a transferor's intent are present here,

7

such as: transfer to an insider, retaining partial control of transferred assets, concealment of the transfer from creditors, transfer of substantially all the debtor's assets, the debtor absconded, inadequate value for the transfer, the debtor became insolvent after the transfer was made, and the transfer occurred before the debt was incurred. ECF No. 1 at 1-6; *see also Amato v. Cortese*, 2015 WL 5009664, at *14 (D.N.J. Aug. 21, 2015) (Listing the badges of fraud provided for in N.J.S.A. section 25:2-26 and stating that "[t]hese 'badges' are factors the courts generally look to in determining whether the circumstances of a particular transaction give rise to the conclusion that a transfer was made with actual intent to defraud."). Accordingly, the Court finds that Plaintiff has adequately stated a NJUFTA claim and Ms. Lee's motion to dismiss the NJUFTA claim is denied.

### III. Ms. Lee's Request for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment

Ms. Lee also argues that she is entitled to summary judgment as a matter of law for a number of reasons. First, Ms. Lee argues that the transfers of the Properties were not fraudulent as a matter of law because they were done pursuant to a valid and equitable judgment of divorce. ECF No. 20-5 at 11. Second, Ms. Lee argues that Plaintiff's NJUFTA claim fails as a matter of law with respect to the transfer of the Palisades Park property because Ms. Lee was the sole owner of the property as of 2007 and "even if the deed did not transfer ownership, Lee would still be the rightful owner of the Palisades Property, having paid for the property, paid the mortgage, and being the sole title owner on the Deed." Id. at 15. Ms. Lee next argues that the NJUFTA claim fails as a matter of law because Plaintiff cannot prove the existence of the alleged $267,000 loan and states that discovery cannot cure this deficiency "because such documentation would necessarily be in sole possession of Plaintiff." Id. at 16. Fourth, Ms. Lee argues that Plaintiff's NJUFTA claim fails as a matter of law with respect to the Rego Park property because "Kuang retains a fifty

percent interest in the Rego Park property" and based on public records, this ownership interest makes it "clear that Kuang is not insolvent and there are sufficient assets for which to recover if Plaintiff obtains a judgment." Id. at 17.

Plaintiff cross-moved for summary judgment as to liability only against Ms. Lee and sought an extension of the restraints on the Bayonne and Rego Park properties until further order of the court. ECF No. 22 at 1. Plaintiff supported the cross-motion for summary judgment with numerous exhibits, declarations, a statement of material facts, and a memorandum of law. ECF Nos. 22-1, 22-14, and 33. Ms. Lee filed a reply brief to Plaintiff's cross-motion for summary judgment (ECF No. 23), an accompanying statement of material facts that disputed all of Plaintiff's material facts except those set out in paragraphs 1-3, 5, 8, 9, 11, 28, and 30 of Plaintiff's statement of material facts (ECF No. 24 at 1), and a reply to Plaintiff's memorandum of law (ECF No. 36).

The Court finds that Ms. Lee's motion for summary judgment and Plaintiff's cross-motion for summary judgment are premature at this stage of litigation. Both motions have been made without the benefit of any discovery and would benefit immensely from further development of the factual record in this case. *See Ware Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 18-13895, 2019 WL 2367108, at *3 (D.N.J. June 5, 2019) (citing *Scholar Intelligent Sols., Inc. v. New Jersey Eye Ctr., P.A.*, No. 13-642, 2013 WL 2455959, at *2 (D.N.J. June 5, 2013) ("Courts in this District have repeatedly found summary judgment motions before discovery to be premature."); *see also Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Because summary judgment can be supported or defeated by citing a developed record, courts must give the parties 'adequate time for discovery.'"). The need for a developed record is especially acute in a case where, as here, multiple disputes of fact exist. *See Guidotti*, 716 F.3d

at 773 (3d Cir. 2013) ("A party opposing a motion for summary judgment has significantly more material at his disposal than when opposing a motion to dismiss, given that he may cite evidence gained during discovery."). Most notably, Ms. Lee disputes almost all facts in Plaintiff's statement of material facts filed in connection with Plaintiff's cross-motion, including whether Mr. Kuang ever held any interest in the Palisades property (ECF No. 24 ¶ 1), what consideration was exchanged for the Palisades and Bayonne properties (id. ¶¶ 2-3), whether the $267,000 loan between Plaintiff and Mr. Kuang ever took place (id. ¶ 4), and the circumstances surrounding Ms. Lee and Mr. Kuang's divorce (id. ¶¶ 6-8). Ms. Lee's opposition to the cross-motion for summary judgment even goes so far as to acknowledge the existence of factual disputes, arguing that the Court "cannot grant Plaintiff's motion for summary judgment because there are at a minimum questions of facts." ECF No. 23 at 9. The Court agrees that there are what appear to be, at this stage of the proceedings, unresolved disputes of fact that cannot be resolved without further information (most critically, disputes concerning the existence of the alleged loan and the consideration exchanged between Mr. Kuang and Ms. Lee for the Properties), rendering both requests for summary judgment wholly inappropriate and untimely. *See Anderson*, 477 U.S. at 248 (A fact is "material" if a dispute over the fact "might affect the outcome of the suit under governing law," and a "genuine" issue exists as to that fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). Accordingly, Ms. Lee's request for summary judgment (ECF No. 20-5 at 10-17) and Plaintiff's cross-motion for summary judgment (ECF No. 22) are denied.

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion to permit alternative service of process on Mr. Kuang (ECF No. 19) is **GRANTED**, Ms. Lee's motion to dismiss/motion for summary judgment (ECF No. 20) is **DENIED**, and Plaintiff's cross-motion for summary judgment is **DENIED** (ECF No. 22).

**DATE**: January 31, 2020

　　　　　　　　　　　　　　　　　　　　　　　　Claire C. Cecchi, U.S.D.J.