NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ER MYER,<br><br>    Plaintiff,<br><br>    v.<br><br>DERRICK ZHAO KUANG, *et al.*,<br><br>    Defendants. | Civil Action No.: 19-9385<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court on Plaintiff Er Myer's ("Plaintiff") motion for default judgment against Defendant Derrick Zhao Tang Kuang ("Defendant" or "Kuang") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 70. Plaintiff filed her complaint on April 5, 2019. ECF No. 1. Kuang was served on February 10, 2020. ECF No. 69 at 2, 4. The time for Defendant to answer or otherwise respond has expired. *See* Fed. R. Civ. P. 12(a). Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered Default against Defendant on March 10, 2020. Plaintiff filed the instant motion for default judgment against Defendant on March 12, 2020. ECF No. 70. No opposition has been filed.

**II.    BACKGROUND**

The Court will briefly recite the facts of this case as relevant to the pending motion. Plaintiff's personal and business funds were managed by Defendant who was employed as a Vice President at Defendant Bank of America. ECF No. 1 ¶ 9. In September 2018, Kuang asked Plaintiff for a loan in connection with a personal business project. *Id.* ¶ 11. Kuang allegedly told

Plaintiff that he was aware she had excess funds and that this loan would fall within her risk tolerance. Id.  Plaintiff agreed to loan Defendant $267,000 at an interest rate of eight percent per year and Kuang issued a series of checks to Plaintiff made out to her or her designee that Plaintiff was to cash at agreed upon dates in the future. Id. ¶¶ 12–14.  Plaintiff attempted to cash the checks Mr. Kuang gave her for repayment of the loan on the designated dates, but the checks were returned for insufficient funds. Id. ¶ 17.  Plaintiff filed the instant suit on April 5, 2019 asserting claims for breach of contract, violation of the New Jersey Uniform Fraudulent Transfer Act, conspiracy and aiding in fraudulent transfers, unjust enrichment, negligent supervision, and fraud. Id. at 4–9.  Plaintiff was unable to locate Kuang to serve him for an extended period of time, and eventually filed a motion to permit alternative service of process on Kuang on May 13, 2019. ECF No. 19.  The Court granted that motion, and Kuang was served via email on February 10, 2020. ECF No. 69 at 2, 4.

### III.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who has been properly served and has failed to answer or respond to the pleadings. Obtaining a default judgment is a two-step process. First, when a party has failed to plead or otherwise defend, the clerk must enter that party's default. Fed. R. Civ. P. 55(a).  Once the Clerk enters default, a plaintiff may move for a default judgment. Fed. R. Civ. P. 55(b). Here, the Clerk has entered default, and so the Court will address Plaintiff's motion on the merits.

In order to award a default judgment, a district court must make explicit findings regarding the following factors: (1) whether the plaintiff would suffer prejudice if the default judgment were denied; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's own

culpable conduct caused his delay. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (including a fourth factor, "the effectiveness of alternative sanctions"). In making these findings, Plaintiff's factual allegations in the complaint will be taken as true, except for those relating to the amount of damages. *DIRECTV, Inc. v. Pepe,* 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin,* 908 F.3d 1142, 1149 (3d Cir. 1990)). "Default judgment is inappropriate, even where defendants have failed to appear, unless the plaintiff has provided well pleaded facts sufficient to establish a claim." *Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

### IV. ANALYSIS

As a preliminary matter, the Court finds that Plaintiff has sufficiently stated a cause of action based upon the information set forth in the complaint, the motion for default judgment, and the attached exhibits. Defendant has failed to respond to the complaint, therefore, the factual allegations in the complaint are accepted as true. *Comdyne I Inc.*, 908 F.2d at 1149. Taking the facts alleged by Plaintiff in the complaint as true, the Court can presume liability in this case.

Here, Plaintiff has sufficiently demonstrated a *prima facie* claim for breach of contract. To state a claim for breach of contract under New Jersey law, a plaintiff must establish: (1) a valid contract existed between the parties; (2) defendant failed to perform its obligations under that contract; and (3) plaintiff suffered damages as a result of the failure to perform. *Travelodge Hotels, Inc. v. JSK Hosp., LLC*, 2019 WL 1091393, at *3 (D.N.J Mar. 8, 2019) (citing *Murphy v. Implicito*, 392 N.J. Super 245, 265 (App. Div. 2007). Accepting Plaintiff's allegations as true, (1) Plaintiff and Defendant entered into a series of loan agreements by which Defendant borrowed $267,000.00

from Plaintiff and Defendant agreed to repay the amount with an eight percent interest rate (ECF No. 1 ¶ 21; *see also* ECF No. 70 at Exhibit A–G); (2) Defendant did not perform his obligations under the agreements as he failed to pay Plaintiff the money owed to her (ECF No. 1 at ¶ 22); and (3) Plaintiff is owed the loan amount plus interest and fees due to Defendant's failure to fulfill his obligations under the agreements (ECF No. 70-1 at 3; *see also* id. at Exhibit A–G). Accordingly, Plaintiff has stated a valid claim for breach of contract.

The other elements required to be shown in order to obtain default judgment are also met here. *Chamberlain*, 210 F.3d at 164. First, Plaintiff has been prejudiced by Defendant's failure to answer because Plaintiff has incurred additional costs, been unable to move forward with the case, and been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490–91 (D.N.J. 2009). Second, there is nothing to suggest that the Defendant has a meritorious defense. When a defendant does not file a pleading stating why default is not appropriate, the Court is "not in a position to determine whether [the Defendant] has any meritorious defense or whether any delay is the result of culpable misconduct." Therefore, this element is considered satisfied for the purpose of finding default judgment proper. *Operative Plasterers & Cement Masons Int'l Ass'n Local No. 8 v. Specialty Stucco Restoration*, 2006 U.S. Dist. LEXIS 24553, at *6–7 (D.N.J. Feb. 26, 2014). Further, where, as here, Defendant has failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011). Therefore, the Court finds that default judgment is proper.

Here, Plaintiff seeks a total amount of $291,940.00 consisting of: (1) the principal sum of $267,000.00; (2) interest in the amount of $23,140.00; and (3) $1,800 representing the additional three percent fee agreed to by Kuang for the January 10, 2019 transaction. *See* ECF No. 70-1 at

2–3.  These figures are supported by exhibits and a sworn certification submitted to the Court by Plaintiff. *See* id. and exhibits A-G.  Accordingly, the Court finds that Plaintiff has established that she is owed $291,940.00. *See de Camillis v. Educ. Info. & Res. Ctr.*, No. 18-11576, 2020 WL 5525547, at *4 (D.N.J. Sept. 15, 2020) (awarding default judgment damages based on a certification explaining the damages calculations).

V. <u>**CONCLUSION**</u>

For the reasons set forth above, Plaintiff's motion for default judgment (ECF No. 70) is **GRANTED** and default judgment shall be entered against Defendant Derrick Zhao Tang Kuang in the amount of $291,940.00.

**SO ORDERED.**

**DATE:** November 9, 2020

CLAIRE C. CECCHI, U.S.D.J.