NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ER MYER,<br><br>    **Plaintiff,**<br> v.<br><br>DERRICK ZHAO TANG KUANG, WINNIE LEE, BANK of AMERICA, N.A., *et al.*,<br><br>    **Defendants.** | Civil Action No. 19-9385 (CCC)<br><br>**OPINION** |

**FALK, U.S.M.J.**

  Before the Court is Plaintiff's motion to permit alternative service of subpoenas by mail. (CM/ECF No. 103.) The motion is unopposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **denied, without prejudice**.

## BACKGROUND

  This is a breach of contract case arising out of a loan Plaintiff, ER Myer ("Plaintiff"), made to Defendant, Derrick Zhao Tang Kuang ("Defendant" or "Kuang"). According to Plaintiff, Kuang defaulted on the payments due under the loan contract. On April 5, 2019, Plaintiff filed a Complaint asserting claims for breach of contract, violation of the New Jersey Uniform Fraudulent Transfer Act, fraud, as well as other state law claims. Kuang was served with the Summons and Complaint on February 10, 2020, but

1

failed to file an Answer or otherwise respond to the Complaint. (ECF No. 69.) The Clerk of the Court entered a default against Kuang on March 10, 2020. Plaintiff subsequently filed an unopposed motion for default judgment. On November 9, 2020, the Court granted Plaintiff's motion and entered a default judgment against Kuang in the amount of $291,940.00. (CM/ECF No. 106.)

After default was entered but prior to the Court ruling on the motion for default judgment, Plaintiff filed the instant motion. Plaintiff seeks an order permitting him to serve Kuang's parents, Xue Yun Kuang and Min Feng Kuang ("Parents"), with a subpoena compelling the non-parties' deposition and production documents via regular and certified mail, instead of by personal service. Plaintiff submitted a Certification of Counsel ("Certification") stating that he believes, based on discovery and conferences with the Court, that Kuang lives with his Parents. (CM/ECF No. 103-1 ¶ 4.) Plaintiff states that he seeks to depose Kuang's Parents to learn information which would assist him in satisfying the judgment, including Kuang's whereabouts, assets and employment. According to documents attached to the Certification, a process server made a single attempt to serve the subpoenas on May 29, 2020, but a person at the home would not open the door "due to fear of contracting covid." (CM/ECF No. 103-1, at 4-5.)

## DISCUSSION

Service of a subpoena is governed by Federal Rule of Civil Procedure 45(b). The Rule provides in part: "[s]erving a subpoena requires *delivering* a copy to the named

person . . . ." Fed.R.Civ.P. 45(b) (emphasis added).  The word "delivering" in Rule 45(b) has long been interpreted by the majority of Courts in the Third Circuit as requiring that an individual be personally served.  *See Farley-Skinner v. Adventure Aquarium, LLC*, 2018 WL 3647209 (D.N.J. Aug.1 2018) (despite defendant's knowledge of subpoena and service by certified mail, court denied motion to hold defendant in contempt because Third Circuit required personal service of subpoena); *see also Trustees. of Int'l Union v. J.T. Cleary, Inc.,* 2018 WL 1972790, at *2 (D.N.J. Apr. 26, 2018) (postal mail did not meet requirement of personal service) (citing *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990)); *N.J. Bldg. Laborers' Statewide Benefit Funds v. General Civ. Corp.*, No. 08-6065, 2009 WL 2778313 (D.N.J. Sept. 1, 2009); *see also* 9A Wright & Miller, *Federal Practice and Procedure* § 2454.

     Plaintiff failed to show that a sufficient diligent attempt was made to serve the subpoenas on the Parents personally.   Attached to Counsel's Certification were two "Return of Service" documents from the process server indicating that "Person [ ] will not open the door due to fear of contracting covid."  Plaintiff did not submit an affidavit of due diligence from the process server detailing how he attempted service and the specific reasons why service could not be effected.  There is no indication in the record that the process server made more than one attempt at service, attempted service at different times of the day, or attempted to serve the Parents at a different location, or while either were entering or leaving the premises.  There is nothing in the record that would indicate that the place of attempted service is even the Parents' current residence,

3

nor is there any information regarding the identity of the person who declined to open the door, or whether the identity of that person was even known.

Proof of a single attempt at service, some 9 months ago, which lacks any details surrounding the attempt, is simply not enough to constitute diligent service under the circumstances. Moreover, there is no explanation why Plaintiff, despite waiting five months after his first attempt at service to file this motion, did not make any additional attempts to effect service during that time. While the single attempt at service was made back in May 2020, shortly after the onset of the pandemic in the United States, circumstances surrounding Covid-19 arguably may have changed since then. Given the adaptations which have been made to adjust to the existence of the pandemic, it is conceivable that a process server may be able to effect service now as required by Rule 45.

Given that Plaintiff has failed to show that a sufficient diligent attempt at service proved impossible, the Court denies the motion without prejudice

## CONCLUSION

For the reasons stated above, Plaintiff's motion to permit alternative service of the subpoenas by mail is **denied without prejudice**.

      s/Mark Falk
      **MARK FALK**
      **United States Magistrate Judge**

**Dated: March 23, 2021**